**John G. ADAMS, Plaintiff,**

v.

**John ALDERSON, Defendant.**

**Civ. A. No. 87–3449.**

United States District Court,
District of Columbia.

June 15, 1989.

———

John G. Adams, Falls Church, Va., pro se.

William J. Dempster, Asst. U.S. Atty., Civ. Div., Washington, D.C., for defendant.

MEMORANDUM AND ORDER

JACKSON, District Judge.

Plaintiff Adams, a 44–year–old white male GS–12 career computer programmer analyst with defendant General Services Administration ("GSA"), was removed from federal service in February, 1987. The precipitating cause for his removal was Adams' violent physical assault upon a female supervisor the preceding October, which he followed by a rampage through the office damaging or destroying office equipment. Having unsuccessfully exhausted his administrative remedies, Adams, proceeding *pro se,* now sues under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.,* alleging that he is a handicapped individual by reason of an "adjustment disorder with mixed disturbance of emotion and conduct" and a "compulsive personalty disorder". He says that it was GSA's obligation under the law to make reasonable accommodation of his handicap, and that GSA failed in its obligation by firing him. The case is now before the Court on defendant's motion for summary judgment.

The medical evidence presently of record is equivocal. Adams' present psychiatrist (and expert witness) describes his condition as a "maladaptive reaction to a psychosocial stressor", viz., the antagonizing supervisor, which is, however, a transitory phenomenon that can be expected to disappear when the "psychosocial stressor" is removed. It is, therefore, hardly an "impairment" which "substantially limits one or more ... major life activities." 29 U.S.C. § 706(8)(B).[1]

Assuming Adams' mental condition can be deemed a handicap, however, he is nevertheless not entitled to the protection of the Act unless he is "otherwise qualified" for the position from which he was terminated. In other words, he must be able, with or without accommodation, to perform satisfactorily in spite of his handicap, *Southeastern Community College v. Davis,* 442 U.S. 397, 406, 99 S.Ct. 2361,

———

1. On the other hand, the records of Adams' two-week inpatient hospitalization for psychiatric evaluation and treatment shortly after the incident suggest the presence of a much more complex illness.

2367, 60 L.Ed.2d 980 (1979), "without endangering the health and safety of [himself] or others...." 29 C.F.R. § 1613.702(f). One who is unable to refrain from doing physical violence to the person of a supervisor, no matter how unfair he believes the supervision to be or how provocative its manner, is simply not otherwise qualified for employment.

The "reasonable accommodation" plaintiff proposes be extended him is to distance him from the offending supervisor, by transferring either or both of them elsewhere within the agency. Though such a course would surely be an accommodation to plaintiff, it is clearly not one reasonably to be expected of GSA. An agency is entitled to assign its personnel as the needs of its mission dictate. It is not obliged to indulge a propensity for violence—even if engendered by a "handicapping" mental illness—to the point of transferring potential assailants and assailees solely to keep peace in the workplace.

There being no genuine issue of material fact for trial presented by this case, it is, this 15th day of June, 1989,

ORDERED, that defendant's motion for summary judgment is granted; and it is

FURTHER ORDERED, that the complaint is dismissed with prejudice.